MONROE, J.
The parish of Red River having undertaken to establish the boundary between it and the parish of De Soto, agreeably to the provisions of Rev. St. § 2624, the *993 surveyors appointed by the two parishes respectively disagreed, and, the court a qua having approved the survey and line as made and established by the surveyor appointed on behalf of the parish of Red River, the parish of De Soto has appealed.
The law upon which the litigants rely is so much of act No. 70, p. 108, of 1878 (establishing the boundaries of Red River parish) as reads:
“Thence, along said bayou, in a northwestern direction, to Bayou Pierre Lake ; thence, along the western bank of Bayou Pierre Lake, to Bayou Pierre.”
The surveyors agreed that the proper starting point was where the line between sections 3 and 10 of township 12 N. range 11 W., intersects Bayou Pierre river (as it is called), and they did not disagree until they reached the point where the line between townships 12 and 13 N., range 11 W., intersects that bayou (or river), when plaintiff’s surveyor, undertaking to follow the law, as it is written, meandered westward, around Goose Lake, Parker’s Arm, Stone’s Lake, Harrison’s Lake, and the southern shore of Smithport Lake, until he reached the line between sections 14 and 15 in township 13 N., range 12 W., which he followed, due north, to what may be called the north shore of Smithport Lake, the sinuosities of which and the supposed banks of Bayou Pierre Lake he followed, in a general northeasterly direction, until he again reached Bayou Pierre. Plaintiff’s surveyor, upon the other hand, followed the western bank of Bayou Pierre (upon the theory that Bayou Pierre Lake has no other western bank), until he and the plaintiff’s surveyor met at the point where the line between townships 13 and 14 N., of range 11 W., intersects that stream. For better understanding of the matter, we annex hereto a rough copy (reduced) of plat of survey prepared by L. E. Bell, suiweyor, a copy of which has been filed in evidence.
In saying that plaintiff’s surveyor meandered the lakes whose names are given, and crossed from one shore of a lake to another, we have indulged in a figure of speech hardly authorized by the facts, which are as follows: In 1833 the government of the United States caused a survey to be made, apparently in a period of high water, and for the purpose (as has been found in the case hereinafter cited) of ascertaining the area of the dry and salable land in that part of the country, and plaintiff’s surveyor, aided by a prior survey which had been made by his associate (representing the parish of De Soto), has up to a certain point merely followed the lines of the government survey— his statement as a witness being that, without the field notes of the prior survey above mentioned, it would have been impossible for him to have-found the'bank of the lake, and, as it was, that he found that the government survey not unfrequently traversed hills, and did not meander the margin of what was called the lake. But, as we have had occasion recently to say in regard to Lake Cannisnia, which lies just above Bayou Pierre Lake “in fact was never a permanent body of water, and its [western] eastern bank was anywhere from the bank of Bayou Pierre to the higher lands of [De Soto parish] along Prairie river, several miles to the [west] east according to the stage of water. Every summer and fall there was [little else than] nothing but dry land.” Parish of Red River v. Parish of Caddo, 43 South. 558.[1] In other words, when Bayou Pierre overflowed its banks, which are, and have always been, well defined, the water submerged some, or all, of the- adjacent lands which form the subject of the present controversy; the extent of the inundation depending upon the character of the flood, on the one hand, and of the land, on the other, the lower lands being, of course, covered with less (i. e., at a lower stage of) water

*995

*997 than the higher. But, of late years — since the clamming of Tone’s Bayou and the removal of the obstruction (called the “falls”) from Bayou Pierre, the whole of the land thus subject to overflow appears to have become permanently dry, and the lake which covered it has left no banks, which were ever established with any certainty, or which can now be discovered, save those of its author, the bayou, upon the overflow of which its existence beyond them depended. This difficulty seems to have been appreciated by the learned counsel and the able surveyor by whom the plaintiff is represented, since, in despair of reaching a more satisfactory solution, they ran, or projected, their boundary line at a point which apparently leaves vastly more water (as matters now stand) to the westward than to the eastward; that is to say, if we correctly understand the plat of survey filed in evidence as representing dry land in what was Bayou Pierre Lake, and water in Smithport, Separin, Clear, and Edward Lakes, under which names the continuous body of water of which Bayou Pierre Lake formed part has heretofore been known.
Our conclusion, then, is that, though act No. 70, p. 108, of 1878, seems to distinguish between Bayou Pierre and Bayou Pierre Lake, it appears as a fact that Bayou Pierre Lake at times has been a broad sheet of water extending irregularly in many directions, and at other times, has been confined within the banks of Bayou Pierre; that those banks have been permanent and are well defined, whilst all other banks of Bayou Pierre Lake (if every point reached by the overflow from Bayou Pierre is to be considered a bank) have been unstable, and are now impossible of ascertainment by any physical signs; that the words, “the western bank of Bayou Pierre Lake,” as used in the statute, must be taken as meaning the western bank, susceptible of definite ascertainment; and that the boundary here in dispute between the parishes of Red River and De Soto lies, in township 12 N., range 11 W., as established by both surveyors appointed in this case, and thence (to the northern boundary of township 13 N., range 11 W.) along the western bank of Bayou Pierre, and of the same stream, otherwise known as the main, or eastern channel of Bayou Pierre Lake.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment recognizing the boundary between the parishes of Red River and De Soto, in township 12 N., range 11 W., to he as agreed on and delimited by W. S. Triehel and L. E. Bell, surveyors, representing the parishes of Red River and De Soto, respectively, in township 13 N., range 11 W., to be the western bank of Bayou Pierre, or Bayou Pierre river, and the'western bank of the same stream, otherwise known as the main, or eastern, channel of what has been known as Bayou Pierre Lake, all as shown by the plat of survey made, for the purposes of this ease, by said L. E. Bell, surveyor, a copy whereof has been herein filed. It is further adjudged and decreed that the costs of appeal be paid by the parish of Red River, and the costs of the district court equally divided between the two litigants.

 118 La. 938.